## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **ANTOINE ADEM, M.D.,** )<br>)<br>   **Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**DES PERES HOSPITAL, INC., and SYLVIA** )<br>**BURWELL, U.S. SECRETARY OF HEALTH** )<br>**AND HUMAN SERVICES, in her official** )<br>**capacity,** )<br>)<br>   **Defendants.** )<br>)<br>)<br>) | **Civil Action**<br><br><br>**No.  4:15-cv-859** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Antoine Adem, M.D. ("Dr. Adem"), seeks declaratory, injunctive, and monetary relief against Des Peres Hospital, Inc. ("DPH") and Sylvia Burwell, the U.S. Secretary of Health and Human Services ("HHS"), in her official capacity ("Burwell"), as follows:

### NATURE OF THE ACTION

1. Dr. Adem has provided invasive, interventional cardiology services as a member of the medical staff of Defendant DPH.  Dr. Adem also practices at other facilities in competition with DPH.

2. In a misguided attempt to eliminate competition, DPH embarked on a bad faith, malicious disciplinary action against Dr. Adem.  DPH has pursued this disciplinary

action against Dr. Adem in order to file a bad faith report with the National Practitioner Data Bank ("Data Bank"), and thereby smear the reputation of Dr. Adem among referring physicians and other health care providers, facilities, and insurers.

3.  The Data Bank is under the control and supervision of the U.S. Department of Health and Human Services, and the Data Bank is fully subject to the Privacy Act. The Privacy Act prohibits the government from maintaining and providing false or misleading information about individuals.

4.  On or about April 21, 2014, Defendant DPH filed in bad faith a false and misleading report about Dr. Adem with the Data Bank, which it processed and republishes to the health care industry to his detriment. He brings this action to obtain appropriate relief against Defendant DPH, and to compel removal by Defendant Burwell of the false and misleading report from the Data Bank.

## THE PARTIES

5.  Plaintiff Antoine Adem, M.D. ("Dr. Adem"), is a citizen of the United States who resides in the State of Missouri, Jefferson County. Dr. Adem is, and has been at all relevant times, a physician specializing in the medical field of cardiology.

6.  Defendant Des Peres Hospital, Inc. ("DPH") is a for-profit corporation organized and existing under the laws of Missouri and doing business in St. Louis County.

7.  Defendant DPH is a wholly owned subsidiary of Tenet Healthcare Corp. ("Tenet"), which is a publicly owned for-profit corporation traded on the New York Stock Exchange under the symbol THC.

8.       Defendant Sylvia Burwell is the U.S. Secretary of Health and Human Services, which is an executive department of the U.S. government, and which is an agency within the meaning of 5 U.S.C. § 552a(a)(1) that is in possession or control of records pertaining to Dr. Adem.

## JURISDICTION

9.       This action arises under the laws of the United States, specifically the Privacy Act of 1974, 5 U.S.C. § 552a(g).  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1361, and jurisdiction to render the requested declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10.      Supplemental jurisdiction over Plaintiff's additional claim for defamation exists under 28 U.S.C. § 1367.

## VENUE

11.      Venue is proper in this district under 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e) because Plaintiff is located here, and an event giving rise to this litigation occurred here.

## BACKGROUND

12.      Dr. Adem is a member of the medical staff of DPH as an invasive (or interventional) cardiologist.

13.      Dr. Adem also provides invasive cardiac services in competition with DPH at other facilities.

14.      The quality of the medical care provided by Dr. Adem has consistently been at the highest level.

15. In 2013 Defendant DPH embarked on a bad faith disciplinary charge against Dr. Adem.

16. Dr. Adem exercised his right to an internal hearing, pursuant to Missouri regulations and the medical staff bylaws of DPH, which DPH then conducted before a DPH Hearing Committee in March and July 2013.

17. The outcome of the DPH Hearing Committee review panel in 2013 was favorable to Dr. Adem.

18. Undeterred, Defendant DPH then instituted additional and wholly unfounded charges against Dr. Adem by letter to him dated March 21, 2014.

19. Dr. Adem exercised his right to an internal DPH hearing with respect to the initial 2014 charges; DPH maintains that an additional charge that it brought against him later in 2014 would be the subject of the same hearing that would involve review of the initial 2014 charges.

20. But before an internal hearing could then be held, Defendant DPH filed a false and misleading report against Dr. Adem with the Data Bank, on or about April 21, 2014.  DPH then appointed, as the hearing officer to preside over the internal fair hearing proceeding, an attorney from Austin, Texas, who routinely represents Tenet and its subsidiaries.

21. The Data Bank is administered by HHS and is used by hospitals to evaluate applications by physicians for medical staff privileges, and a report against a physician in the Data Bank causes enormous irreparable harm to the physician.

22. Once something is reported to the Data Bank, then a physician typically must disclose and discuss on all his future applications to hospitals and other health care facilities the details of the report against him to the Data Bank.

23. Hospital administrators and their employees typically repeat to physicians and others the contents of a report in the Data Bank against a physician, and such communications are often ruinous to the physician's reputation.

24. The regulations governing the Data Bank require reporting of summary or precautionary suspensions only if such a suspension persists for more than thirty days *and* the hospital deems the suspension to be a professional review action. *See* Data Bank Guidebook, p. E–22, example 6; page E–33, example 22; 45 CFR § 60.12(a)(i) (indicating that health care entities should report only a determination that constitutes a professional review action).

25. The Medical Staff bylaws of Defendant DPH ("Bylaws:") expressly disclaim that a precautionary suspension or restriction, such as that which the hospital purports to have imposed on Dr. Adem via its March 21, 2014 letter, is either an ultimate disposition or a professional review action: "such a suspension shall be deemed an interim precautionary action and not a professional review action ... and shall *not* imply any final finding ...." DPH Medical Staff Bylaws, § 10.10.2 (emphasis added).

26. Furthermore, even if the March 21, 2014 restriction or suspension qualified as a professional review action, the suspension and/or restriction did not last thirty days because the Bylaws provide in its Section 10.10 that such precautionary measures lapse

after fourteen days unless the DPH Medical Executive Committee takes action with respect to the precautionary measure and no such action has ever been taken by the MEC.

27. No professional review action by Defendant DPH against Dr. Adem has completed yet, and DPH's April 21, 2014, report to the Data Bank was contrary to law.

## RIPENESS AND IRREPARABLE HARM

28. Plaintiff Dr. Adem will suffer irreparable harm if the false and misleading report about him in the Data Bank is not removed.

29. Plaintiff Dr. Adem will suffer immediate and irreparable hardship if the Court defers review.

30. Any additional attempts by Dr. Adem, other than this lawsuit, to seek removal of the false and misleading report by Defendant DPH against him in the Data Bank would be futile.

## COUNT I
### (Against Defendant DPH for Defamation)

31. Plaintiff incorporates herein all statements and allegations contained in this Complaint.

32. On or about April 21, 2014, Defendant DPH sent a written defamatory statement about Plaintiff Dr. Adem to the Data Bank, which created a false impression of wrongdoing by Plaintiff.

33. Defendant DPH omitted material information from its statement to the Data Bank in order to create a false impression impugning Plaintiff's integrity, and this injured his reputation.

6

34. Specifically, Defendant DPH's statement to the Data Bank gave false reasons for its actions against Dr. Adem, and misleadingly concealed that the real motivation for the conditions DPH placed on Dr. Adem's reappointment were anti-competitive.

35. In addition, Defendant DPH's statement falsely asserted that it had concerns "with clinical care that Dr. Adem provided in certain cases."

36. In fact, there were no legitimate concerns with any of the clinical care provided by Dr. Adem.

37. Defendant DPH published its false and misleading statement against Dr. Adem by sending it to the Data Bank.

38. Defendant DPH's publication of its false and misleading statement against Dr. Adem was contrary to its medical staff bylaws.

39. Defendant DPH's publication of its false and misleading statement against Dr. Adem was contrary to custom and practice.

40. Defendant DPH's publication of its false and misleading statement against Dr. Adem was in bad faith and not privileged.

41. Defendant's statement defamed Plaintiff by falsely implying that he had engaged in wrongful conduct, when in fact nothing wrongful had occurred.

42. Upon information and belief, Defendant DPH repeated its defamatory statement about Plaintiff to others, spreading the falsehoods through the medical community.

43. Defendant DPH's defamatory statement about Plaintiff caused his

colleagues (upon whom Plaintiff relies for referrals) to falsely think that Plaintiff's professional services were somehow improper.

44. Defendant DPH knew that its statement disparaging Plaintiff was false and misleading. In the alternative, to the extent that Defendant DPH did not know its statement against Plaintiff was false and misleading, then Defendant DPH was negligent in publishing it.

45. Defendant DPH's statement against Plaintiff constituted libel *per se* by impugning the professional services and conduct of Plaintiff.

46. Defendant DPH's defamatory statement was willful and wanton.

47. Dr. Adem is not a public figure.

48. Despite being informed about its improper report to the Data Bank, Defendant DPH has not retracted it.

49. Defendant DPH's foregoing actions have proximately caused injury to Plaintiff by harming his professional reputation.

50. Plaintiff Dr. Adem seeks compensatory damages from Defendant DPH for the injury caused to him by its defamatory statement against him.

51. Plaintiff Dr. Adem also seeks punitive damages from Defendant DPH for its defamatory statement.

## COUNT II
**(Against Defendant Burwell for Violation of the Privacy Act)**

52. Plaintiff incorporates herein all statements and allegations contained in this Complaint.

8

53. Defendant Burwell, or a government agent acting under her supervision, has published in the Data Bank the false, misleading and defamatory statement made by Defendant DPH about Plaintiff.

54. Defendant Burwell, or a government agent acting under her supervision, has failed to make reasonable efforts to ensure that the information repeated about Plaintiff in the Data Bank is accurate, complete, and relevant for agency purposes, in violation of 5 U.S.C. § 552a(e)(6).

55. The information and records being distributed by the Data Bank about Plaintiff are false, misleading, defamatory and malicious.

56. A government agent acting under the supervision of Defendant Burwell knew or should have known that his actions concerning Plaintiff and the Data Bank were in violation of the Privacy Act.

57. A government agent acting under the supervision of Defendant Burwell acted intentionally or willfully in violation of Plaintiff's privacy rights.

58. As a result of Defendant Burwell's violations of the Privacy Act, Plaintiff has suffered injury including, but not limited to, a loss in present and future revenue.

59. Plaintiff seeks declaratory relief for removal of the false and misleading report in the Data Bank pursuant to 28 U.S.C. §§ 2201(a) and 2202.

60. On or about May 7, 2014, Plaintiff informed the Data Bank in writing that the report about him was improper and misleading.

61. The Data Bank published Plaintiff's response but also continued to publish the false and misleading statement by Defendant DPH.

62. Further requests of the Data Bank or the Secretary to remove Defendant DPH's defamatory statement about Plaintiff would be futile.

63. Plaintiff seeks injunctive relief ordering Defendant Burwell to rescind and expunge from the Data Bank the statement by Defendant DPH against Plaintiff dated on or about April 21, 2014.

64. Plaintiff seeks monetary relief in the amount of the damages he has suffered from the Data Bank entry.

65. Plaintiff further seeks attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and corresponding principles of equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dr. Adem requests that the Court:

(i) that this Court adjudge and decree that Defendant DPH has defamed Plaintiff;

(ii) that Plaintiff recover damages against Defendant DPH as determined to have been sustained;

(iii) that Plaintiff obtain preliminary and permanent injunctive relief ordering Defendant DPH to cease repeating, publishing or disseminating its statement, and that Defendant DPH refrain, prior to completion of a peer review proceeding, from reporting anything disparaging about Plaintiff to any entity, including the Data Bank, and that Defendant DPH fully retract the statement that it sent on or about April 21, 2014, to the Data Bank concerning Plaintiff;

(iv) that Plaintiff recover punitive damages from Defendant DPH in an amount

10

to be determined at trial;

(v) that Plaintiff recover reasonable costs against Defendant DPH;

(vi) that Defendant Burwell rescind and expunge the entry in the Data Bank about Plaintiff;

(vii) that Defendant Burwell pay Plaintiff actual damages under 5 U.S.C. § 552a(g)(4)(A), based on the amount determined at trial provide that it totals at least $1,000;

(viii) that Defendant Burwell pay Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), and/or 28 U.S.C. § 2412(d); and

(ix) that this Court grant such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Dr. Adem hereby demands a jury trial pursuant to F.R.Civ.P. 38(b) for all issues triable by jury.

**BICK & KISTNER, P.C.**

By:  /s/ Elkin L. Kistner
Elkin L. Kistner                #MO35287
101 South Hanley Road, Suite 1280
St. Louis, Missouri 63105
Telephone:  (314) 571-6823
Facsimile:  (314) 727-9071
E-mail: elkinkis@bick-kistner.com
*Co-Counsel for Plaintiff*

**BOUHASIN LAW FIRM, P.C.**

John A. Bouhasin  #MO49050
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone: (314) 832-9600, Ext. 1102
Facsimile: (314) 932-7672
E-mail: bouhasinlaw@gmail.com
*Co-Counsel for Plaintiff*

Andrew L. Schlafly
New Jersey  Bar No. 04066-2003
939 Old Chester Rd.
Far Hills, NJ 07931
Phone: (908) 719-8608
Fax: (908) 934-9207
*Co-Counsel for Plaintiff*

Dated: June 1, 2015